IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZABRIEL EVANS,

      Petitioner,

      v.                            No. 12-3002-SAC

STATE OF KANSAS, et al.,

      Respondents.

MEMORANDUM AND ORDER

This case comes before the Court on a petition for habeas corpus filed pursuant to 28 USC § 2254 by an inmate at the El Dorado Correctional Facility. Petitioner was convicted of one count of rape, two counts of aggravated burglary, one count of aggravated criminal sodomy, and one count of theft in state court. Petitioner, who is serving a 620-month prison sentence, makes multiple allegations in this petition, including trial court error, ineffective assistance of trial and appellate counsel, insufficient evidence, and sentencing error.

The parties do not challenge the procedural history of the case or the facts stated by the Kansas Court of Appeals (KCOA) in petitioner's prior appeals. *See State v. Evans*, 154 P. 3d 1184, 2007 WL 1042136 (Kan. Ct. App. April 6, 2007) (affirming on direct appeal); *Evans v. State,* 248 P.3d 281, 2011 WL 1004609 (Kan. Ct. App., March 18, 2011) (affirming denial of K.S.A. 60-1507). Accordingly, the Court adopts those facts and shall not

repeat them except as necessary to the analysis of this petition. *See* 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004).

**I. AEDPA Standard**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted). Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to clearly established Federal law" when: (a) the state court " 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' "; or (b) " 'the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent .' " *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Williams*, at 407–08. Likewise, a state court unreasonably applies federal law when it either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In order to obtain relief, a petitioner must show that the state court decision is "objectively unreasonable." *Williams,* 529 U.S. at 409 (O'Connor, J., concurring). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard,* 468 F.3d at 671.

## II. Issues procedurally barred

The court first addresses the State's claim that a number of issues raised by petitioner are procedurally defaulted.

### A. District Court Error in Using an Interpreter

Petitioner contends that the district court erred in permitting Y.M., an English-speaking victim whose native language was Spanish, to testify in Spanish through an interpreter. Petitioner raised a similar claim in his appeal from the denial of his K.S.A. 60-1507, in contending that trial counsel's failure to object to the use of an interpreter by Y.M constituted ineffective assistance of counsel. 2011 WL 1004609 at 4. But in his petition for review of the KCOA's opinion denying him relief under K.S.A. 60-1507, petitioner abandoned any claim that there was any district court error in permitting Y.M. to testify through an interpreter or that his trial or appellate counsel was ineffective in any way relating to the interpreter. Petitioner cannot remedy that fault now in state court. Accordingly, those claims have been procedurally defaulted. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 848-49 (1999); *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

To overcome this procedural default, Petitioner must show cause for his default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that this Court's failure to consider these claims will result in a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S.

478, 488–89, 496 (1986). To show "cause" for his default, Petitioner must show that some external factor prevented him from raising the claim. *See Coleman,* 501 U .S. at 753. Petitioner has made no such showing, so has not overcome procedural default.

Nor has Petitioner shown that denying review on the merits of this claim would be a miscarriage of justice. A miscarriage of justice is shown when the error complained of probably resulted in the conviction of an innocent person. *Bousley v. United States,* 523 U.S. 614, 623 (1998). Here, application of this exception is soundly defeated by the eyewitness testimony from the victims, Y.M.'s child, the police officers who apprehended petitioner near the scene of the crimes, from the physical evidence showing the manner of petitioner's entry into the homes, and from the DNA evidence placing petitioner at the scene of Y.M.'s rape.

But even if this court had reached the merits of this issue, it would necessarily find that rules governing interpreters are a matter of state law. It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) (further citations omitted)). And even had petitioner sufficiently alleged a claim of violation of his right to due process, instead of merely a state law claim, this Court cannot identify any Supreme Court precedent on this issue. Thus, the Court could not find the state court's

determination resulted in a decision contrary to clearly established Supreme Court law, as is necessary to grant a habeas petition. *See Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006) (holding state court could not have unreasonably applied clearly established federal law given the lack of holdings from the Supreme Court).

### B. Trial Counsel's Advice not to Testify

Petitioner also contends that his trial counsel was constitutionally ineffective in advising him not to testify at trial. Dk. 1, p. 8.

But Petitioner never raised this issue to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). He thus failed to give the state courts a full opportunity to address this claim. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). This issue cannot be raised now in the state courts because it is procedurally barred under state law as a successive and untimely motion. *See* K.S.A. 60-1507(c), (f); *State v. Kelly*, 291 Kan. 868, 873-74, 248 P.3d 1282 (2011). Under these circumstances, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991). Petitioner has failed to provide any exceptional circumstances or any evidence of manifest injustice that would allow him to proceed on this claim when it has not been addressed by the state courts. It is thus procedurally defaulted and shall not be addressed on the merits.

## C. Effectiveness of Appellate Counsel

Petitioner contends he was denied the effective assistance of appellate counsel for not having raised on direct appeal all of the issues raised in his 60-1507 motion. The issues raised in his K.S.A. 60-1507 motion were: 1) trial counsel's ineffectiveness for failing to call Officer Breedlove as a witness; 2) appellate counsel's ineffectiveness for not challenging the district court's use of an interpreter for Y.M.'s testimony; and 3) appellate counsel's ineffectiveness for not challenging on appeal the sufficiency of the evidence of his conviction for aggravated burglary Faelber's house because there was no evidence of intent to rape Faelber.

Petitioner exhausted a claim that his *trial counsel* was ineffective for failing to call Officer Breedlove as a witness, and that issue is addressed on the merits below. But petitioner has not exhausted his claim that *appellate counsel* was ineffective for not raising the issue of ineffective assistance of trial counsel relative to the officer's report.

The second claim, regarding use of an interpreter, was raised in petitioner's 60-1507 motion, but his petition for review of the KCOA opinion denying him relief under K.S.A. 60-1507 did not include that claim and thus abandoned it, preventing this court from addressing on the merits this claim of appellate counsel's ineffectiveness.

The court will address below Petitioner's claim that appellate counsel was ineffective for not challenging the sufficiency of the evidence of his

conviction for aggravated burglary Faelber's house because there was no evidence of intent to rape Faelber.

**Issues Properly Exhausted:**

### A. Lesser Included Offense Instruction

Petitioner contends that the district court erred in failing to give petitioner's requested instruction for the lesser included offense of attempted aggravated burglary of Faelber's apartment.

### 1. State Court Holding

The KCOA, on direct appeal, found that the evidence, when viewed in the light most favorable to the petitioner, was insufficient to support a conviction on that lesser included offense.

> ... According to *State v. McClanahan,* 254 Kan. 104, 109, 865 P.2d 1021 (1993):

>> "The trial court has an affirmative duty to instruct the jury on all lesser included offenses for which there is evidence to support a conviction on the included offense. The evidence may be inconclusive, weak, or unsatisfactory, but must be substantial enough that a rational factfinder could reasonably find the defendant guilty of the lesser included offense. On review, this court views the evidence in the light most favorable to the defendant. [Citation omitted.]"

> Evans claims he was entitled to an instruction on attempted aggravated burglary based on two versions of the evidence: (1) some evidence showed that he did not actually insert his entire body into the apartment, and (2) some evidence showed that he only spoke to Faelber through her window. The first version of the evidence does not support a conviction of attempted aggravated burglary because, as we have already concluded, the insertion of any part of his body into Faelber's apartment constituted a complete entry as a matter of law. *Ervin,* 223 Kan. at 201–02.

The second version of the evidence does not support a conviction of attempted aggravated burglary because, if the jury believed Evans only spoke to Faelber through her window, there would have been no overt act toward the commission of the crime as required by K.S.A. 21–3301. In other words, either the jury could have believed Faelber's testimony that Evans was partly through the window, in which case he was guilty of aggravated burglary, or the jury could have believed Evans' testimony that he only spoke to Faelber through the window, in which case Evans was guilty of nothing at all. However, there was no version of the evidence to support a conclusion that Evans somehow attempted to burglarize Faelber's residence but was prevented from completing the act. Thus, the district court was not required to give Evans' requested instruction on attempted aggravated burglary.

2007 WL 1042136 at *3-4.

## 2. Habeas Review

The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases. *See Beck v. Alabama,* 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). And Tenth Circuit precedent establishes a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004). As a result, Petitioner cannot raise a debatable claim that he is entitled to habeas relief on this ground. *See Johnson v. Keith,* 726 F.3d 1134, 1135 n. 2 (10th Cir. 2013).

## B. Aggravated Burglary Instruction

Petitioner contends that the district court erred in defining the word "entered" in a way which compelled the jury to convict him of aggravated burglary even without proof that he ever set foot in the victim's home.

Petitioner believes that the district court bolstered the state's case by adding this definition to the instruction of aggravated burglary: "… 'entered' means the insertion of any part of the body, hand or foot into a residence." When petitioner was discovered, he had removed a box fan and the screen from her window, his head and upper torso were inside the victim's window, and his right leg was almost all the way inside it but was not touching the floor.

## 1. State Court Holding

The KCOA rejected this claim of error on direct appeal, finding that the instruction given by the court was a correct statement of law and did not impede the jury's role as factfinder:

> The proper standard of review when a party fails to object to a jury instruction is clear error. See *State v. Pabst,* 273 Kan. 658, 660, 44 P.3d 1230, *cert. denied* 537 U.S. 959 (2002).

> The district court's instruction was a correct statement of law according to *State v. Ervin,* 223 Kan. 201, 573 P.2d 600 (1977). There, the defendant, charged with burglary, had stuck his arm through the roof of a parked car. The court rejected his contention that there was insufficient evidence of an entry, and it noted that the Black's Law Dictionary definition of entering required only the entry of any part of the body into a dwelling. 223 Kan. at 201–02. Corpus Juris Secundum also indicates:

>> "Any kind of entry, complete or partial, will suffice for purposes of a burglary statute. All that is needed is entry inside the premises, not entry inside some inner part of the premises. Moreover, the slightest entry is sufficient to constitute the crime of burglary, if it be with felonious intent. Thus, it is not necessary that the person enter the structure with his or her entire body, and the least entry of any part of the body of the accused is sufficient." 12A C.J.S., Burglary § 22.

> Evans argued the district court's instruction removed from the jury's consideration the factual question of whether an entry had

occurred. Evans points to *State v. Brice,* 276 Kan. 758, 771–73, 80 P.3d 1113 (2003), where, in a case of aggravated battery, the evidence indicated that the defendant had inflicted a through and through bullet wound to the victim. The Kansas Supreme Court determined the district court's instruction that a "through and through" bullet wound constituted great bodily harm was erroneous because it left the jury with no conclusion other than guilt. The court stated: "In instructing the jury that as a matter of law an element of the offense is the same as the evidence, however, the trial court does invade the factfinder's province." 276 Kan. at 773.

> Evans' case is distinguishable from *Brice.* The term "great bodily harm" under the aggravated battery statute is different from the term "entered" in the burglary statute. Entered has a precise meaning as a matter of law, whereas great bodily harm is used on a case by case basis to determine if the way in which a weapon is used renders it a deadly weapon. See *State v. Bowers,* 239 Kan. 417, 424–25, 721 P.2d 268 (1986).

> Furthermore, the jury's role as factfinder was not impeded by the definition of entered, because the jury still had to resolve whether Evans actually put any part of his body inside of Faelber's apartment. Although Evans did not testify, Leon testified that Evans indicated he merely spoke to Faelber through the open window. Regardless of the definition of "entered" in the instruction, the jury still had to resolve this issue and conclude that Evans did place some part of his body into Faelber's apartment before it could find him guilty of aggravated burglary. Thus, Evans' argument is without merit.

2007 WL 1042136 at *2-3.

## 2. Habeas Review

Clearly-established federal law requires petitioner to demonstrate that the instructional error "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). " 'A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the

context of the overall charge.' '' *Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), quoting Cupp, 414 U.S. at 146–47. Due process requires that every element of a crime be established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). But erroneous jury instructions that omit an element of an offense are subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827 (1999). So even assuming constitutional error, habeas relief is unavailable unless that error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 627.

Plaintiff has not shown any instructional error, any due process violation, or any prejudice flowing from this instruction.

### D. Sufficiency of the Evidence

Petitioner alleges the state presented insufficient evidence of "force or fear" as was necessary to convict him of rape and aggravated sodomy of Y.M. Petitioner contends that the evidence was only of the victim's "fanciful" fear, which is insufficient to meet this element.

### 1. State Court Holding

The KCOA rejected petitioner's broader claim of insufficiency of the evidence for the crimes of rape and aggravated sodomy. It found that the evidence, viewed in the light most favorable to the prosecution, warranted a conviction by a reasonable factfinder:

The standard of review is well established:

" 'When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Calvin,* 279 Kan. 193, 198, 105 P.3d 710 (2005).

Evans' supports his claim by citing *State v. Matlock,* 233 Kan. 1, 660 P.2d 945 (1983). There, the court held that the testimony of the victim was insufficient to sustain a rape conviction because it was so incredible and improbable as to defy belief. The court focused on several factors that indicated that the victim's testimony was unbelievable, including the fact that no one heard the rape occur despite the fact that people were in the next room, the victim maintained friendly relations with the defendant and did not report the rape until 15 months later, the victim admitted to being dishonest, and there was no corroborating physical evidence. 233 Kan. at 4–5.

Evans suggests his case is similar to *Matlock* in two ways. First, he claims that the State offered no evidence to corroborate Y .M.'s accusation that he put his mouth on her vagina or penetrated her vagina with his penis. He also emphasizes the fact that the State did not conduct forensic testing on the genital swabs or the hair samples. However, the lack of corroborating evidence is not fatal to the State's case unless the victim's testimony is shown to be so incredible as to defy belief. *State v. Borthwick,* 255 Kan. 899, 905, 880 P.2d 1261 (1994). Assuming for a moment that this court was to require corroborating evidence, the State provided much more here than in *Matlock.* Although there was no physical evidence of sodomy or vaginal penetration, the breast swab contained a DNA sample consistent with Evans, thus placing him at the scene of the crime. Y.M.'s daughter also testified that she saw a strange man in her house at the time of the rape.

Second, Evans claims his case is similar to *Matlock* because Y .M. provided unbelievable testimony concerning whether she closed her window after the rape. Y.M. testified that after the rape she went to the window, found that the screen was missing, and closed it because she was frightened the man would return. Andrew Maul, a crime scene investigator, testified that he found the screen on the window, and the turnkey on top of the window was unlocked. Evans seems to conclude that Y.M. was lying because she could not have been so frightened

that she closed the window but also failed to lock it. However, this argument hardly raises the inference of incredulity that was present in *Matlock.*

In *State v. Lile,* 237 Kan. 210, 211–12, 699 P.2d 456 (1985), the court rejected a *Matlock* challenge and noted that the victim was believable because she testified without equivocation that she was forced to have sex and she reported the assault immediately after it occurred. Here, as in *Lile,* Y.M. unequivocally testified that she was forced to have sex, and within an hour of the rape, she gave a report of the incident that was consistent with her in-court testimony. We conclude that Evans' convictions of rape and aggravated criminal sodomy were supported by sufficient evidence.

2007 WL 1042136 at 4-5.

## 2. Habeas Review

The constitutional standard to be applied to his claim is whether upon the evidence produced at trial any rational trier of fact could have found petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Matthews v. Workman,* 577 F.3d 1175, 1183 (10th Cir. 2009). The Supreme Court in *Jackson* "makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith,* ___ U.S.___, 132 S.Ct. 2, 3–4, 181 L.Ed.2d 311 (2011). To obtain federal habeas relief, it must be shown that a state court decision rejecting a sufficiency of the evidence claim was objectively unreasonable. *Id.* at 4.

Petitioner asserts that the victim's stated fear of something happening to her children was not credible because petitioner made no threats, the victim sent petitioner back into the room where her children were to get a

condom, and the victim waited of her own free will for his return. But the victim also testified that defendant told her in a low voice "not to make a noise or something could happen if the kids got up." Dk. 1, p. 6. And uncontradicted evidence shows that the victim's children were in close proximity at the time.

The KCOA applied a legal standard consistent with *Jackson*, and applied it in an objectively reasonable manner, thus no habeas relief is warranted on this claim.

## E. Ineffective assistance of trial counsel — Failing to call witness

Petitioner additionally contends that his trial counsel was constitutionally ineffective. The sole claim properly preserved is that trial counsel was constitutionally ineffective in failing to call as a witness Officer Breedlove, the first officer to respond to the 911 call from the rape victim. Petitioner asserts Breedlove's report contained statements by that victim that contradicted her trial testimony, specifically, that she told Officer Breedlove she wasn't threatened at all. Dk. 1, p. 8.

### 1. State Court Holding

During a hearing on petitioner's 60-1507 motion, petitioner argued that Officer Breedlove's report contained statements by this victim that contradicted her trial testimony. Petitioner's counsel alleged two such statements by the victim: 1) that all of the victim's children were in another

room sleeping; and, 2) that petitioner had told her to be quiet after the rape occurred. The prosecutor reviewed Officer Breedlove's report and a partial transcript provided by petitioner's counsel, then stated: "it seems [petitioner] has decided that his issue lies with whether or not the victim said her children were with her in her bed or in a different room when the defendant broke ... in to her house and raped her." Trans. 60-1507 hearing, p. 11. Petitioner's counsel did not object to that characterization of the report or petitioner's assertions regarding it. At the conclusion of the hearing, the district court asked petitioner's counsel whether she wanted to put Officer Breedlove's report in the file or have it returned, and she opted for the latter. Thus neither the report itself nor a transcript of its relevant parts is in the record before this court.

The KCOA found that petitioner had failed to show the following: that the officer's testimony would contradict the victim's testimony, since no report was included in the record on appeal; that counsel's decision not to call the officer was not trial strategy; and that petitioner had suffered any prejudice from the lack of the officer's testimony:

> Significantly, Evans fails to include Breedlove's report in the record on appeal. The burden is on the appellant to furnish a record to support a claim of error at the trial court. Without such a record, the claim of alleged error fails. *State v. Paul,* 285 Kan. 658, 670, 175 P.3d 840 (2008). Without the report, Evans fails to show Breedlove's testimony would contradict Y.M.'s testimony at trial.
>
> Evans also has the burden to show that the decision not to call Breedlove as a witness was not a matter of trial strategy. *State v. Gleason,* 277 Kan. 624, 644, 88 P.3d 218 (2004). Determination of

which witnesses will testify at trial is a strategic decision that is entrusted to trial counsel. *Flynn v. State,* 281 Kan. 1154, 1165, 136 P.3d 909 (2006). The district court found that the decision not to call Breedlove fell within trial strategy.

At the hearing on Evans' K.S.A. 60–1507 motion, counsel argued that the report contained statements made by Y.M. regarding where her children were sleeping at the time of the rape that were inconsistent with her testimony at trial. Even assuming this to be true, where the children were sleeping at the time of the rape would be a minor inconsistency within Y.M.'s testimony. Evans' assertions do not establish that the failure to call Breedlove as a witness was not a result of trial strategy.

Evans has also failed to argue that trial counsel's failure to call Breedlove as a witness caused him prejudice such that he was deprived of a fair trial. The evidence against Evans was ample; thus, evidence regarding the location of Y.M.'s children during the attack is not sufficient to undermine confidence in the outcome of the trial. Because Evans has not explained how the failure to call Breedlove as a witness prejudiced him, he has not met his burden on the second prong of the test for ineffective assistance of counsel. See *Harris,* 288 Kan. at 416, 204 P.3d 557.

*Evans v. State*, 2011 WL 1004609 at 3.

## 2. Habeas Review

The Court reviews petitioner's claim of ineffective assistance of counsel under the familiar framework laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, to prevail on a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687–88; accord *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010).

This court's review of counsel's performance is "highly deferential." *Hooks*, 606 F.3d at 723. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quotation omitted). "To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong." *Hooks*, 606 F.3d at 723 (citations omitted) (internal quotation marks omitted); accord *Gardner v. Galetka*, 568 F.3d 862, 874 (10th Cir. 2009), *cert. denied*, 559 U.S. 993 (2010). "The Supreme Court requires [the court] to make 'every effort … to eliminate the distorting effects of hindsight' by indulging in a strong presumption counsel acted reasonably." *Strickland*, 466 U.S. at 689. Petitioner bears a heavy burden of overcoming the presumption that counsel's actions were sound trial strategy. *Byrd*, 645 F.3d at 1168.

Furthermore, because this is a § 2254 proceeding, the Petitioner faces an even greater challenge, as this court defers not only to the attorney's decision in how to best represent a client, but also to the state court's determination that counsel's performance was not deficient. *Byrd*, 654 F.3d at 1168. For that reason, this court's review of a defendant's habeas claim of ineffective assistance of counsel is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420 (2009).

In denying this claim, the KCOA evaluated the evidence of record and applied law consistent with the United State Supreme Court's *Strickland* standard for ineffective counsel. *See* 466 U.S. at 687. But even assuming the existence of the contradiction alleged by petitioner, i.e., that the victim told Officer Breedlove *she* was not threatened, no material contradiction has been shown. The victim consistently testified that petitioner made threats to her about her children, not about herself, in the event she did not cooperate with him. The KCOA's factual findings were objectively reasonable. Accordingly, no basis for habeas relief has been shown.

## F. Insufficient Evidence of Intent to Rape, Alternate Count

### 1. Insufficient Evidence

Petitioner contends there was insufficient evidence to support his aggravated burglary conviction because there was no evidence from which to infer his intent to rape Faelber. Dk. 1, p. 13.

Petitioner was convicted of aggravated burglary of the Faelber household based on his intent to commit theft, not on his intent to commit rape. *Evans v. State*, 2011 WL 1004609 at *1. Petitioner recognizes the intent to commit rape was an alternative theory to the intent to commit theft theory underlying the aggravated burglary charge, and faults the prosecutor for charging it, the court for instructing on it, and appellate counsel for not challenging it. Dk. 1, p. 13. But petitioner did not raise in the state courts a constitutional claim of error regarding the alternate charge, such as a due

process deprivation, and makes no such claim now. See Dk. 1, Ground 7 (alleging "there was no evidence ...to support the alternative charge of aggravated burglary with the intent to Rape, and the courts erred in allowing the prosecutor to charge and instruct to the jury as such.") Petitioner's contention that no evidence of his intent to commit rape was presented is a matter of state law, not a matter for habeas review. "Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). *See Gaines v. Hess,* 662 F.2d 1364, 1368 (10th Cir. 1981) (when faced with a habeas corpus petition challenging state trial proceedings, the court's review is limited to errors of constitutional magnitude.).

## 2. Ineffective Assistance of Appellate Counsel

Petitioner also claims that appellate counsel was ineffective for not challenging the sufficiency of the evidence of his conviction for aggravated burglary Faelber's house because there was no evidence of intent to rape Faelber.

### a. State Court Holding

The KCOA, on appeal from denial of petitioner's K.S.A. 60-1507 motion, the KCOA viewed petitioner as challenging the sufficiency of the evidence of his intent to commit theft, which was a new issue raised for the first time on appeal and was thus procedurally barred.

First, Evans claims that his appellate counsel was ineffective for not challenging on appeal the sufficiency of the evidence of his

conviction for aggravated burglary of Deborah Faelber's house. In our review we examine whether substantial competent evidence supports the district court's findings of fact and whether those findings are sufficient to support the district court's conclusions of law. We review the district court's ultimate conclusions of law de novo. See *Bellamy v. State,* 285 Kan. 346, 354, 172 P.3d 10 (2007). An ineffective assistance of counsel claim also presents mixed questions of fact and law that generally requires de novo review. Before counsel's performance is determined to be so defective as to require reversal of a conviction, the defendant must establish that: (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance prejudiced the defense. *Harris v. State,* 288 Kan. 414, 416, 204 P.3d 557 (2009).

This issue is raised for the first time on appeal. In Evans' K.S.A. 60–1507 motion and in 60–1507 counsel's arguments at the preliminary hearing, Evans contends there was insufficient evidence to support the aggravated burglary conviction because there was no evidence from which to infer *an intent to rape* Faelber. However, the record reveals that Evans was not convicted of aggravated burglary under Count VI, which charged aggravated burglary with the intent to commit a rape therein. Rather, Evans was convicted in the alternative under Count VII, which charged aggravated burglary with *the intent to commit a theft* therein. Thus, the district court has not had the opportunity to make findings of fact and conclusions of law on the issue raised in this appeal. Generally, an appeal from the denial of a K.S.A. 60–1507 motion cannot be used as a platform for raising an entirely new issue. *Trotter v. State,* 288 Kan. 112, 127, 200 P.3d 1236 (2009). Evans does not allege an exceptional circumstance justifying an exception.

*Evans v. State*, 2011 WL 1004609 at 1.

The KCOA then examined the sufficiency of the evidence to convict

petitioner of aggravated burglary with the intent to commit theft.

Further, Evans fails to establish that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful and that he was thereby prejudiced. "When the sufficiency of the evidence is challenged in a criminal case, this court reviews all the evidence in the light most favorable to the prosecution to determine whether the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable

doubt." *State v. Trautloff,* 289 Kan. 793, 800, 217 P.3d 15 (2009). A verdict may be supported by circumstantial evidence if such evidence provides a basis from which the fact-finder may reasonably infer the existence of the fact in issue. However, the evidence need not exclude every other reasonable conclusion or inference. *State v. Scaife,* 286 Kan. 614, 618, 186 P.3d 755 (2008).

Evans was convicted of aggravated burglary by unlawfully entering Faelber's house with the intent to commit a theft therein. See K.S.A. 21–3716. Evans contends that there was no evidence from which the jury could have made a determination as to why Evans entered Faelber's apartment.

...

Even though nothing was taken from Faelber's house, under the totality of the circumstances—including the time of day, manner of entry, and failure to provide a reasonable explanation when confronted—a rational jury could have found that Evans entered Faelber's window with the intent to commit a theft. Evans cannot establish that his appeal would have been successful. Thus, he was not prejudiced by appellate counsel's failure to raise the argument on appeal.

*Id*, at 3. The KCOA thus found no prejudice from appellate counsel's failure to raise the insufficient evidence argument on appeal.

### b. Habeas Review

The standard for assessing appellate counsel's performance is the same as that applied to trial counsel. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Petitioner must show that his appellate counsel's performance was objectively unreasonable, and demonstrate a reasonable probability that but for his counsel's alleged errors, he would have prevailed on appeal. *Id.* Moreover, a criminal

defendant does not have a constitutional right to compel counsel to raise claims on appeal, even nonfriviolous ones, if counsel, "as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues," is one of the hallmarks of effective appellate advocacy. *Id,* at 751–752. And, appellate counsel is not ineffective for failing to raise a meritless claim. *Martin v. Kaiser,* 907 F.2d 931, 936 (10th Cir. 1990). Petitioner's claim is meritless.

The KCOA required petitioner to establish that: (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance prejudiced the defense. *Harris v. State,* 288 Kan. 414, 416 (2009). 2011 WL 1004609. This legal standard is consistent with S*trickland,* established by the United States Supreme Court. The KCOA applied these rules in an objectively reasonable manner in finding no prejudice to the petitioner. Thus no habeas relief is warranted on this claim.

Further, the constitutional standard to be applied to claims of constitutionally insufficient evidence is whether upon the evidence produced at trial any rational trier of fact could have found petitioner guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Matthews v. Workman,* 577 F.3d 1175, 1183 (10th Cir. 2009). The Supreme Court in *Jackson* "makes clear that it is the

responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith,* __ U.S.__, 132 S.Ct. 2, 3–4, 181 L.Ed.2d 311 (2011). To obtain federal habeas relief, it must be shown that a state court decision rejecting a sufficiency of the evidence claim was objectively unreasonable. *Id.* at 4.

Although the KCOA did not specifically cite to Jackson, it applied the appropriate standard from *Jackson*, and its assessment of the evidence, viewed in the light most favorable to the prosecution, was a reasonable application of *Jackson*.

### G. Sentencing — use of criminal history score

Petitioner next alleges constitutional error because the sentencing court based his sentence on a criminal history classification not proven to a jury beyond a reasonable doubt.

### 1. State Court Holding

The KCOA squarely addressed and rejected this argument on direct appeal, finding it improperly before the court, and meritless:

> ... This issue was not raised in district court. In any event, the Kansas Supreme Court has previously rejected this argument in *State v. Ivory,* 273 Kan. 44, 41 P.3d 781 (2002). This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Beck,* 32 Kan.App.2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). We have no indication the Kansas Supreme Court is departing from its position in *Ivory.* Accordingly, Evans' argument is without merit.

2007 WL 1042136 at *5.

### 2. Habeas Review

Clearly established federal law holds: "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). This "prior conviction" exception originated in the earlier case of *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27 (1998), where the Court found that a prior conviction is a sentencing factor and is not an element of a crime, and thus need not be proven beyond a reasonable doubt. Subsequent United States Supreme Court cases have reaffirmed *Apprendi. See e.g.*, *Blakely v. Washington*, 542 U.S. 296 (2004).

The KCOA relied upon *State v. Ivory,* 273 Kan. 44, (2002). The defendant in *Ivory* contended that *Apprendi* prevented the use of prior convictions to increase a sentence beyond the statutory maximum unless proven to a jury beyond a reasonable doubt. The Kansas Supreme Court rejected that claim, thus the KCOA's reliance on *Ivory's* holding is consistent with *Apprendi.* Neither the reasoning nor the result of the state-court decision contradicts clearly-established federal law.

## H. Failure to Conduct a Full § 60–1507 Hearing

Petitioner also contends that the trial court failed to conduct a full evidentiary hearing on his § 60–1507 motion. This issue was not raised by petitioner in his appeal from the denial of that motion. The KCOA did address

and reject petitioner's claim that the district court, at his 60-1507 proceedings, "couldn't be bothered to make actual findings that reflected the arguments and evidences presented to it at the time of the hearing." *Evans v. State*, 2011 WL 1004609, p. 4. It found that the "district court memorialized its denial of Evans' 60–1507 motion with a detailed five-page journal entry. The journal entry includes adequate findings of fact and conclusions of law on all issues properly raised." *Id.*

Even presuming that this issue were preserved and not procedurally defaulted, no habeas relief can be given. Because the trial court found that the files and records conclusively showed that petitioner was not entitled to relief, no evidentiary hearing was required. *See* Kan. Supreme Court Rule 183(f). The KCOA affirmed the trial court's holding that petitioner was not entitled to relief, and found that it had made adequate findings of fact and conclusions of law on all the issues, implicitly holding that no evidentiary hearing was necessary. This court finds no constitutional error in the denial of a full evidentiary hearing.

## III. Evidentiary Hearing

Nor does the court finds a need for an evidentiary hearing in this review. ("[A]n evidentiary hearing is unnecessary if the [habeas] claim can be resolved on the record.)" *Anderson v. Attorney Gen. of Kansas,* 425 F.3d 853, 859 (10th Cir. 2005). *See Schriro*, 550 U.S. at 474 ("[I]f the record

refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard has not been met as to any issue presented herein, so the court denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief under 28 U.S.C. § 2254 (Dk.1) is denied.

Dated this 4th day of February, 2014, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge